FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 17 2013

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

GILL, ZUKERAN & SGAN
T. ANTHONY GILL      2391-0
WADE C. ZUKERAN    4319-0
DAVID A. SGAN        6643-0
LINDA M. ARAGON    8069-0
Ocean View Center
707 Richards Street, Suite 100
Honolulu, Hawai`i  96813
Telephone: (808) 523-6777
Facsimile:   (808) 523-7003
E-mail:  gzsdocs@gzsattorneys.com

Attorneys for Plaintiff
Democratic Party of Hawai`i

 **ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DEMOCRATIC PARTY OF HAWAI`I, | CIVIL NO. _____ |
| | CV13 00301 JMS KSC |
| Plaintiff, | COMPLAINT; SUMMONS |
| vs. | |
| SCOTT T. NAGO, in his official capacity as Chief Election Officer of the State of Hawai`i, | |
| Defendant. | |

## COMPLAINT

Plaintiff DEMOCRATIC PARTY OF HAWAI`I ("DPH"), by and

through its attorneys, Gill, Zukeran & Sgan, alleges and avers as follows:

## SUMMARY OF CASE

1.     This action is brought to vindicate Plaintiff DPH's associational

freedoms guaranteed by the First Amendment to the United States

Constitution. *See* California Democratic Party v. Jones, 530 U.S. 567, 120

S.Ct. 2402 (2000).

2.     This action seeks declaratory and injunctive relief against

enforcement of portions of the Hawai`i State Constitution and Hawai`i

Revised Statutes pertinent to primary elections, to the extent that such laws

unconstitutionally constrain the DPH in its nomination of candidates for

public elective offices.

3.     This action is brought pursuant to 42 U.S.C. § 1983, and the

First and Fourteenth Amendments to the United States Constitution.

4.     The method of candidate selection to which the DPH is entitled

2

by right under the Constitution of the United States, as set forth below, is in real and present conflict with certain provisions of the Constitution and certain statutes of the State of Hawai`i. This conflict justifies the issuance of a declaratory judgment as to DPH's rights, and an injunction that prevents further violation of such rights.

## JURISDICTION AND VENUE

5.      The United States District Court for the District of Hawai`i has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3)-(4), 2201 and 2202, and 42 U.S.C. § 1983.

6.      Venue is appropriate in the District of Hawai`i pursuant to 28 U.S.C. § 1391.

7.      Plaintiff DPH maintains its principal place of business at its state headquarters at 404 Ward Avenue, Honolulu, Hawai`i, 96814, within the District of Hawai`i.

8.      Defendant Scott T. Nago, in his capacity as Chief Election

Officer of the Hawai`i Office of Elections, discharges his responsibilities,

including supervision of personnel and elections, from an office at 802

Lehua Avenue, Pearl City, Hawai`i, 96782, within the District of Hawai`i.

## PARTIES

### Plaintiff

9.     Plaintiff DPH is a political party and a nonprofit corporation in

the State of Hawai`i.

10.     DPH can sue, complain, and defend in its corporate name

pursuant to Rule 17(b) of the Federal Rules of Civil Procedure and Hawai`i

Revised Statutes ("HRS") § 414-42 (1).

11.     DPH brings this action on its own behalf.

12.     DPH is a political party within the meaning of HRS §§ 11-1 and

11-61, and is therefore a political party within the meaning of HRS, Title 2,

Elections.

13.    DPH is a political party that is qualified for "election ballot

purposes" within the meaning of HRS § 11-62, and, as a result of that

qualification or other law, is subject to the requirements of the various

Hawai`i statutes regulating elections.

14.    DPH is subject to the Hawai`i primary elections law, HRS

Chapter 12.

15.    The official positions and policies of the DPH are codified in the

Constitution of the Democratic Party of Hawai`i and in resolutions that it

enacts at its conventions from time to time.

16.    The Constitution of the Democratic Party of Hawai`i, Article I,

Section 1, in language adopted by the Convention of the party on May 27,

2006, states in pertinent part:

> The Democratic Party of Hawai`i believes that its primary
> election, a state-imposed mandatory nomination procedure,
> ought to be open to participation of only such persons as are
> willing to declare their affiliation with and support for the
> Party, either through public registration to vote, or through
> maintenance of membership in the Party. The Party further

believes that the current Constitution and laws of the State of Hawai`i, by maintaining secrecy of affiliation, and by compelling the Party to admit to its nomination procedures those who may have no interest in, or actually oppose the interests, values, and platform of the Party, do violence to the Party's associational freedoms and the individual freedoms of its membership to define their own political views, guaranteed under the Constitution of the United States. The State Central Committee and Party Chairperson shall take appropriate action to correct this injustice.

17.     The Constitution of the Democratic Party of Hawai`i, Article I, Section 1 also provides that the DPH is open to all persons who want to support DPH, who wish to be known as Democrats, and who live in Hawai`i.

**Defendant**

18.     On information and belief, Defendant Scott T. Nago is the duly appointed Chief Election Officer of the State of Hawai`i and the administrator of the State of Hawai`i Office of Elections.

19.     Defendant Nago is sued solely in his official capacity, and no

personal wrongdoing is asserted or implied in this Complaint.

20.     Pursuant to HRS § 11-2, the Chief Election Officer supervises all state elections and has actual authority and control over the activities of the Hawai`i Office of Elections, established by HRS § 11-1.5, and the elections-related activities of any county personnel to whom he may have delegated elections-related responsibility.

21.     The Chief Election Officer of the Hawai`i Office of Elections is the official primarily and directly responsible for interpreting and implementing Hawai`i law regarding elections. Among other powers, pursuant to HRS § 11-2 (e), the Chief Election Officer may adopt rules governing elections in accordance with HRS Chapter 91, the Hawai`i Administrative Procedure Act. The Chief Election Officer is the Hawai`i official who can most directly and efficiently effectuate any order of this Court.

## IDENTIFICATION OF AND EFFECT OF STATE LAW

22. Hawai`i's Constitution, at Article II, Section 4, states:

> The legislature shall provide for the registration of voters and for absentee voting and shall prescribe the method of voting at all elections. Secrecy of voting shall be preserved; <u>provided that no person shall be required to declare a party preference or non-partisanship as a condition of voting in any primary or special primary election. Secrecy of voting and choice of political party affiliation or nonpartisanship shall be preserved.</u> (Emphasis added.)

23. An effect of Article II, Section 4, of the Hawai`i Constitution is that the State of Hawai`i may neither inquire about, nor maintain any lists showing, any voter's party affiliation or preference. Therefore, Hawai`i cannot manage any state-run primary election system that would restrict participation in a party nomination process to members of a political party, or, in the alternative, to members of, plus non-member affiliates of, a party.

24. An effect of Article II, Section 4 of the Hawai`i Constitution, considered with the mandatory and exclusive nature of Hawai`i's primary election process provided by statute, is to frustrate DPH's desire to

8

nominate its candidates with the participation only of its members and affiliates.

25.    The United States Supreme Court has recognized that "the First Amendment protects 'the freedom to join together to further common political beliefs,' . . . which 'necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only.'" California Democratic Party v. Jones, 530 U.S. 567, 574, 120 S.Ct. 2402, 2408 (2000) (internal citations omitted).

26.    "In no area is the political association's right to exclude more important than in the process of selecting its nominee." California Democratic Party, supra, 530 U.S. at 575.

27.    The selection of standard-bearer nominees for public office, to contest the general election, is the process by which political parties define their goals, objectives, and programs, and it is the key method by which they project their philosophy into the public arena. Id. at 575.

28.    HRS § 12-1 provides, "All candidates for elective office, except

as provided in section 14-21, shall be nominated in accordance with this

chapter <u>and not otherwise.</u>" (Emphasis added.)

29.    HRS § 14-21 provides that a political party may select its

presidential electors, but not candidates for any other office, by "party or

group convention." DPH does not challenge HRS § 14-21 in this Complaint.

30.    An effect of HRS § 12-1 is to require that DPH use only the

nomination system provided in HRS chapter 12, and no other system, to

nominate its candidates for all offices, except President of the United States.

31.    HRS § 12-2 states: "No person shall be a candidate for any

general or special general election unless the person has been <u>nominated in</u>

<u>the immediately preceding primary or special primary</u>." (Emphasis added.)

32.    An effect of HRS § 12-2, is to require that DPH use Hawai`i's

primary election system, and no other system, to nominate its candidates

for a general election.

33.    HRS § 12-31 states in pertinent part:

> No person eligible to vote in any primary or special primary
> election shall be required to state a party preference or
> nonpartisanship as a condition of voting. Each voter shall be
> issued the primary or special primary ballot for each party and
> the nonpartisan primary or special primary ballot. A voter shall
> be entitled to vote only for candidates of one party or only for
> nonpartisan candidates. If the primary or special primary ballot
> is marked contrary to this paragraph, the ballot shall not be
> counted.  (Emphasis added.)

34.    An effect of HRS § 12-31 is to allow any and all registered

voters in Hawai`i to participate in the nomination of the candidates of the

DPH.

35.    An effect of HRS § 12-31 is to allow registered voters with no

affiliation with the DPH to participate in the nomination of the candidates

of the DPH.

36.    An effect of HRS § 12-31 is to prevent the DPH from knowing,

before the primary election, who will participate in the nomination of its

candidates, or, after the election, learning who has in fact participated in the nomination of its candidates.

37.    An effect of HRS § 12-31 is to prevent the DPH from exerting any control over who may participate in the nomination of its candidates.

38.    A potential effect of HRS § 12-31 is that the active, earnest, and faithful members of the DPH may be substantially outnumbered in their own nomination process, by persons unknown to DPH.

39.    HRS § 12-31 further provides that: "In any primary or special primary election in the year 1979 and thereafter, a voter shall be entitled to select and to vote the ballot of any one party or nonpartisan, regardless of which ballot the voter voted in any preceding primary or special primary election."

40.    An effect of this portion of HRS § 12-31 is to permit persons with minimal or no commitment to the political goals of the DPH, who

have no interest in fulfilling the duties or obligations of membership in the DPH, who have no interest in affiliating with and deliberating with members of the DPH, who have no interest in contacting or being contacted by the DPH or its candidates, or who are not willing to be publicly identified as sharing the goals of the DPH, to participate in the DPH nomination process.

41.    An effect of this portion of HRS § 12-31 is to permit persons who may have no sympathy for the political aims of the DPH, or may actively oppose it, to confound the DPH nomination process by crossing party lines to select either the weaker candidate, or the candidate who less fully exemplifies the values of the DPH, and cause that candidate to be the standard-bearer for the DPH in the general election, to the detriment of DPH; moreover, this crossover voting may occur *sua sponte* as a matter of individual voter preference, or as a *sub rosa* orchestrated campaign of interference directed by an opposing person or organization, or for that

matter, even as a publicly-orchestrated campaign of interference by a person or an organization.

42.    Defendant Nago, in faithful discharge of his office, and in the absence of an injunction to the contrary, presently has no choice but to uphold, enforce, and implement the Hawai`i laws identified herein.

## STATEMENT OF CLAIM

43.    Operating under color of Hawai`i's constitution and statutes governing primary election procedures, Defendant Nago necessarily discharges his duties and directs those under his control such that Hawai`i law infringes on DPH's First Amendment associational freedoms, as follows:

a.    DPH is unconstitutionally compelled to associate with persons who influence the outcome of DPH's nominations, even though they: (1) may not be members of DPH; (2) may have no affiliation, however minute,

with the DPH; (3) may not sympathize with the political aims and goals of

DPH;  (4) may actually be hostile to goals and aims of DPH; and (5) cannot

be known to the DPH either before or after the primary election;

b.      DPH is unconstitutionally prohibited from defining the class or

classes of persons eligible to participate in its nomination process;

c.      DPH is unconstitutionally hindered in using its nomination

process to resolve internal policy contests among DPH's members; and

d.      DPH is unconstitutionally hindered in using its nomination

process to select standard-bearer candidates to represent DPH in the

general election.

44.    The provisions of Hawai`i's constitution and statutes, discussed

above, severely burden DPH's First Amendment rights under the United

States Constitution.

45.    No compelling state interest justifies the severe burden created

by Hawai`i's constitution and statutes.

46.    Hawai`i's constitution and statutes, discussed above, are not narrowly tailored to protect any compelling state interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief.

1.    That this Court enter declaratory judgment that Article II, Section 4 of the Hawai`i Constitution, and HRS §§ 12-1, 12-2, and 12-31, violate DPH's First Amendment rights and are unenforceable, to the extent they operate as set forth in paragraphs 43 through 46, in the Statement of Claim above; and for such other declaratory relief as may be just, proper, equitable, and appropriate in the circumstances.

2.    That this Court enjoin Defendant Nago, in his capacity as Chief Election Officer of the Hawai`i Office of Elections, and that his successors in title or authority pursuant to statute, as amended, from enforcing the

primary election laws, cited above, against DPH, in any manner violative

of the rights declared in this matter, and that Plaintiff DPH be granted such

other and further injunctive relief as may be just, proper, equitable, and

appropriate under the facts of this case.

3.      Plaintiff further prays for such other and further relief as may

be just, proper, equitable, and appropriate, and for attorneys' fees and costs

of suit as may be provided by law.


DATED: Honolulu, Hawai`i, June 17, 2013.

GILL, ZUKERAN & SGAN


By: _____
T. Anthony Gill

Attorneys for Plaintiff
Democratic Party of Hawai`i

HID 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

DEMOCRATIC PARTY OF HAWAI`I

|  |  |
|---|---|
| *Plaintiff* | ) ) ) |
| v. | ) ) |
| SCOTT T. NAGO, in his official capacity as Chief Election Officer of the State of Hawai`i | ) ) ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  David M. Louie, Attorney General of the State of Hawai`i
Department of the Attorney General
State of Hawai`i
425 Queen Street
david.m.louie@hawaii.gov

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SUE BEITIA
CLERK OF COURT

Date: _____June 17, 2013_____           _____
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: